## UNITED STATES *v.* SCOVIL ET AL.

No. 35. Argued November 16, 1954.—Decided January 10, 1955.

*John R. Benney* argued the cause for the United States. With him on the brief were *Solicitor General Sobeloff, Assistant Attorney General Holland, Ellis N. Slack, A. F. Prescott* and *Fred E. Youngman.*

*J. D. Todd, Jr.* argued the cause and filed a brief for respondents.

MR. JUSTICE MINTON delivered the opinion of the Court.

This case involves the relative priority of a landlord's distress for rent under the laws of South Carolina and a lien for unpaid taxes due the United States. The landlord, herein referred to as respondent, on April 7, 1952, filed in the Court of Common Pleas for Greenville County,

South Carolina, an affidavit setting forth that Dan Tassey, Inc., was indebted to him for rent and requesting a distress warrant which issued. The master's report shows only that the landlord for past due rent "proceeded on the 7th day of April, 1952 to distress upon the assets of said corporation for said rent in arrears." The record does not disclose what was actually done in the distress proceedings. South Carolina Code Annotated, 1952, § 41–151, provides when the affidavit of a landlord is filed the magistrate may issue his distress warrant naming the amount due with costs and deliver the warrant to an officer for service. The officer shall forthwith demand payment (§ 41–153), and if not paid, he shall distrain sufficient property on the rented premises to pay the amount, giving a list of property distrained together with a copy of the distress warrant to the tenant. The distress must be reasonable as to amount of property distrained, on penalty of action for damages (§§ 41–158, 41–159). The tenant has five days in which to put up bond and free the property from the lien of distraint (§ 41–160).

The next day, April 8, 1952, a receiver was appointed for the corporate taxpayer-tenant as an insolvent. All of the assets of the corporation passed to the receiver, who sold them and realized therefrom the fund over which this contest is waged.

For nonpayment of taxes due, the Collector of Internal Revenue received the proper assessment lists in his office on March 19, 1951, May 24, 1951, August 29, 1951, December 3, 1951, February 23, 1952, and February 28, 1952, and notice of these liens thereafter was filed in the proper office in Greenville County, South Carolina, on April 10, 1952. Section 3671 of the Internal Revenue Code provides that the lien for such unpaid taxes attaches when the assessment lists are received by the Collector.

Therefore, long before the landlord obtained a distress warrant the Government's liens for taxes had attached.

The Supreme Court of South Carolina held that, since the distress warrant was perfected before the receiver was appointed, the landlord's distress lien was superior to the United States' priority created by § 3466, Revised Statutes, 31 U. S. C. § 191. 224 S. C. 233, 78 S. E. 2d 277. We granted certiorari. 347 U. S. 974. However, we find it unnecessary to pass upon the effect of that section. We hold that the Government must prevail because of its liens under § 3670, Internal Revenue Code.

The landlord had a lien other than a mortgage, pledge, or judgment lien. As to all other liens, such as the distress lien in the instant case, § 3672 of the Internal Revenue Code affords no protection. *United States* v. *Security Trust Co.,* 340 U. S. 47, 51 (concurring opinion). Cf. *United States* v. *Gilbert Associates, Inc.,* 345 U. S. 361, 362–365. Moreover, the distress lien was not perfected in the federal sense at the time the Government's liens were filed. Such perfection is, of course, a matter of federal law. *United States* v. *Waddill Co.,* 323 U. S. 353; *Illinois* v. *Campbell,* 329 U. S. 362, 371. The five-day period specified by § 41–160 of the South Carolina Code had not elapsed. During this time the tenant-taxpayer could have reacquired any interest the landlord may have had in his property by posting bond as provided by the Code. Therefore, such a lien was only a caveat of a more perfect lien to come, as we have so often held in other cases. *United States* v. *Security Trust Co., supra; United States* v. *Gilbert Associates, Inc., supra; United States* v. *Waddill Co., supra,* at 357–359; *New York* v. *Maclay,* 288 U. S. 290.

It was decided in the trial court and argued here that the landlord was a purchaser within the meaning of § 3672 of the Internal Revenue Code and, therefore, that

the Government lien was invalid as to him. A purchaser within the meaning of § 3672 usually means one who acquires title for a valuable consideration in the manner of vendor and vendee. Obviously, the landlord was not a purchaser.

The judgment is

*Reversed.*