SHOTT, ADMR., APPELLEE, *v.* THE PEOPLES BANK ET AL., APPELLEES; UNITED STATES, APPELLANT.

(No. 2754—Decided January 28, 1957.)

*Mr. Gregory Shott, in propria persona.*
*Mr. Edward J. Zink,* for appellee Kenneth L. Frease.
*Mr. Charles K. Rice, Mr. Lee A. Jackson, Mr. A. F. Prescott, Mr. Marvin W. Weinstein* and *Mr. Russell Ake,* for appellant.

McCLINTOCK, J.   This is an appeal on questions of law from a judgment of the Probate Court of Stark County.   In this action the plaintiff is seeking relief by means of a petition to sell real estate to pay debts, and several lienholders, together with the United States of America, were made parties defendant.

The Standard Plumbing & Heating Company had a mechanic's lien in the amount of $2,991.60, and one in the amount of $642.44; Canton Floors Company had a mechanic's lien in the amount of $339.94; and Frease Electric Company had a mechanic's lien in the amount of $2,398.41.   It was agreed that the above liens became effective as of April 4, 1949.

In an answer and cross-petition the defendant, appellant herein, United States of America, asserted three federal tax liens, dated November 17, 1950, September 26, 1951, and January 12, 1953, totaling $83,598.79.

The Probate Court held that the four mechanics' liens involved, perfected under the Ohio law, are a lien from the date

the lienholder performed the first work on the premises or the date the first material was delivered, and have priority over the tax lien of the United States, filed thereafter.

The defendant United States of America appealed to this court on questions of law and for its assignment of error claims that the lower court committed prejudicial error in its holding as to the distribution of the sale of the real estate belonging to the defendant.

We cite the following authorities on this question:

In *Southern Ohio Savings Bank & Trust Co.* v. *Bolce,* 165 Ohio St., 201, at page 209, 135 N. E. (2d), 382, the Supreme Court said:

"The Court of Appeals in its opinion said:

" 'The law covering this dispute is found in the Constitution of the United States and the acts of Congress, and the statutes of Ohio, and as interpreted in the case of *United States* v. *City of New Britain,* 347 U. S., 81, 98 L. Ed., 520, 74 S. Ct., 367. The net result of this law is that the lien of the state for taxes takes priority over all other liens, while the lien of the federal government for federal liens takes priority over all liens except those of mortgages and judgment creditors.'

"The interpretation which the Supreme Court gave to the facts and issues in the *New Britain case* above referred to, which are strikingly similar to those involved in the instant causes, seems to confirm the position taken by the Court of Appeals in the causes here under consideration."

Also, in *United States* v. *Scovil,* 348 U. S., 218, 99 L. Ed., 271, 75 S. Ct., 244, in an opinion by Minton, J., the Supreme Court unanimously held that the tax lien was prior in right, because prior in time. Section 3672 of the Internal Revenue Code, which provides that a federal tax lien shall not be valid "as against any mortgagee, pledgee, purchaser, or judgment creditor" until notice thereof has been properly filed by the collector, was held to afford no protection to the landlord, because his lien was not among the liens specified in the statute, and, moreover, the federal tax lien was properly filed before the distress lien was perfected, the tenant still having at that time the right to reacquire the landlord's interest in his property by posting bond.

It is a well established principle that a federal tax lien will prevail over an adverse lien which, although it may have arisen earlier, has not become specific and perfected and is, therefore, still inchoate in the federal sense. *United States* v. *Security Trust & Savings Bank, Exr.,* 340 U. S., 47, 95 L. Ed., 53, 71 S. Ct., 111; *United States* v. *Acri,* 348 U. S., 211, 99 L. Ed., 264, 75 S. Ct., 239; *United States* v. *Liverpool & London & Globe Ins. Co.,* 348 U. S., 215, 99 L. Ed., 268, 75 S. Ct., 247; *United States* v. *Scovil, supra* (348 U. S., 218). A lien becomes choate in the federal sense only when it is perfected so that there is nothing more to be done—"when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." *United States* v. *City of New Britain,* 347 U. S., 81, 84, 98 L. Ed., 520, 74 S. Ct., 367. We submit that there is nothing in the record in the instant case to establish that the mechanics' liens involved have become choate in that sense.

In conclusion, by reason of the authorities herein cited, the lien of the federal government for taxes takes priority over all other liens, except those of mortgages and judgment creditors, and for the reasons herein stated, the judgment of the Probate Court is reversed and final judgment is rendered in favor of the United States of America.

*Judgment reversed.*

Montgomery, P. J., and Putnam, J., concur.