Francis X. Conlon, J.
The plaintiff has submitted a proposed judgment of foreclosure and sale providing for payment of unpaid taxes, assessments and water and sewer charges out of the proceeds of the sale in accordance with the provisions of section 1087 of the Civil Practice Act. By reason of the death of the owner of the subject property in August, 1958, the United States of America has been joined in the action as a party defendant to wipe out the lien of possible unpaid Federal estate taxes. The United States contends that the aforesaid provision of the proposed judgment constitutes an unwarranted preference of the city’s lien over the Federal lien and it submits a counter proposed judgment providing for sale of the property subject to unpaid taxes, assessments and water and sewer charges. It cannot be disputed that section 1087 of the Civil Practice Act, by providing that the sums necessary to pay all taxes, assessments and water rates that are liens on the property sold shall be deemed an expense of the sale and shall he paid out of the proceeds of the sale, in effect gives such liens a priority over all other liens without regard to chronology. The position of the United States of America rests on the *467 frequently enunciated principle that, insofar as Federal liens are concerned, “ the first in time is the first in right ” and that such principle may not be frustrated by State action (Aquilino v. United States of America, 3 N Y 2d 511; United States v. New Britain, 347 U. S. 81).
Since the matter before this court therefore involves a determination of the priority of statutory liens, it becomes important first to examine the statutes creating the lien. By Federal regulation, liens for estate and gift taxes attach at the date of decedent’s death to the extent of the tax shown to be due by the return and of any deficiency in tax found to be due upon review and audit (U. S. Code, tit. 26, § 6324; Code of Fed. Reg., tit. 26, § 301.6324-1). The New York City Charter provides that real estate taxes, assessments and water rates become liens when due and payable. The difficulty here is that it does not appear that the United States has a perfected lien that can be considered in connection with this application. All that appears is that the matter of a possible claim for estate taxes is in process of investigation and that, upon completion of such investigation some time in the future and upon a finding that such taxes are due, “ appropriate certificates of assessments will be delivered ”. The Government thus concedes that the amount of the lien and, indeed, whether any lien exists at all, can only be determined at a later date when a return is filed or an accounting is rendered. It is fundamental that a mere “ caveat of a more perfect lien to come ” cannot prevail against a perfected lien of the City of New York existing as of the date of the sale (United States v. Scovil, 348 U. S. 218). As was stated by Mr. Justice Cardozo in a situation very analogous to this, 11 Liens in a sense they unquestionably are, but, we think, not so perfected or specific as to change the rule of distribution ” (New York v. Maclay, 288 U. S. 290, 292). This court should not be called upon to frustrate a legislative mandate of this State on the basis of the mere possibility of a future Federal claim. The proposed judgment of the plaintiff is herewith signed.