**246**

EMPIRE STANDARD LIFE INSUR-
ANCE COMPANY, a corporation,
Plaintiff,

v.

Arlin ANDERSON, Underwriters Fund, a
corporation; Empire Industries, Inc., a
corporation; Empire Standard Invest-
ment Corporation, a corporation; and
United States of America, Defendants.

Civ. A. No. 2626.

United States District Court
E. D. Texas,
Tyler Division.

Feb. 8, 1960.

W. Dewey Lawrence, William D. Lawrence, Jr., Tyler, Tex., for plaintiff.

Harold B. Clapp, Tyler, Tex., for defendants, Arlin Anderson, Underwriters Fund, Empire Industries, Inc. and Empire Standard Investment Corp.

Paul N. Brown, U. S. Atty., Tyler, Tex., Stanley F. Krysa, Dept. of Justice, Washington, D. C., for the United States.

SHEEHY, Chief Judge.

The plaintiff, an insurance company, instituted this suit in the Seventh Judicial District Court of Smith County, Texas, sometime prior to February 28, 1958, naming all the present defendants except the United States of America as defendants seeking to recover from such defendants a substantial amount alleged to be owing by such defendants to the plaintiff and requesting the appointment of a receiver to take over the properties of the defendants in order that said properties might be held intact to satisfy any judgment that the plaintiff might obtain against the defendants, or any of them. On or about December 2, 1958, plaintiff filed its First Amended Original Petition in the State Court naming as an additional defendant the United States of America, and in said First Amended Original Petition alleged that it had a lien on the properties of the defendants, other than the United States of America, to satisfy any judgment it might obtain against the defendants, other than the United States of America, and further alleged that the United States of America was claiming a tax lien on the properties of the defendants because of certain income taxes due and owing the United States by the defendants, Arlin Anderson and Underwriters Fund, and prayed that the lien of the plaintiff on the properties of the defendants, other than the United States of America, be declared prior and superior to the alleged liens of the United States. On December 16, 1958, the United States of America duly removed this case from the State Court to this Court and thereafter filed herein its answer and counterclaim as to the plaintiff and its cross-claim against each of its co-defendants. In its counterclaim and cross-claim the United States alleges and claims that the defendant, Arlin Anderson, is indebted to it for income taxes; that it has perfected a lien on all of the properties of Arlin Anderson to secure the payment of the income taxes due it by Arlin Anderson; that the defendant, Underwriters Fund, is indebted to it for a substantial sum for income and other taxes; and that it has duly perfected a lien on all the properties of Underwriters Fund to secure the payment of said taxes. The United States prays for judgment against Arlin Anderson and Underwriters Fund for the amount of the taxes owed the United States by said parties, respectively, and for a foreclosure of its liens on the properites of Arlin Anderson and Underwriters Fund, Inc., and in this connection the Government alleges and contends that its said liens on the properties of Arlin Anderson and Underwriters Fund, Inc. are prior and superior to any lien or

liens that the plaintiff may have on the properties of Arlin Anderson and Underwriters Fund, Inc., or either of them.

While this case was still pending in the State Court and prior to the United States being made a party defendant, the plaintiff brought on for hearing its application for the appointment of a receiver to take over the properties of the defendants, other than the United States. On February 28, 1958, during a hearing in the State Court on plaintiff's said application for the appointment of a receiver all parties hereto, with the exception of the United States, entered into a stipulation in writing which was filed among the papers of this cause in the State Court. Under the terms of said stipulation the defendants, other than the United States, assigned, conveyed and transferred to one J. O. Daughtry as Trustee for the uses and purposes therein stipulated all property, real, personal or mixed owned by, belonging to or claimed by the defendants joining in said stipulation which is not exempt to the defendant, Arlin Anderson, from forced sale under the laws of the State of Texas. The uses and purposes hereto pertinent for which said property was assigned to Daughtry as Trustee are shown in Paragraph (3) of the stipulation which provides as follows:

"Such Trustee shall take into possession and custody and safely keep, preserve, maintain all of such property as a reasonably prudent business man might or could do and apply the same to the liquidation pro tanto of any final judgment as may be rendered in this suit and said Defendants do severally hereby give and grant an express lien on all of their several properties hereby conveyed to such Trustee to secure and pay off any judgment as may be rendered against the Defendants herein, or either of them, it being agreed for the purposes hereof only that each and all of said corporate Defendants are the alter ego of the Defendant, Arlin Anderson, and such agreement shall not be admissible on the trial of the merits of this case; or elsewhere, save in support of the express lien herein granted. In this connection, it is agreed that if judgment should be entered in favor of Plaintiff herein for particular property in the possession of said Trustee he shall deliver such property to the Plaintiff in accordance with said judgment and that as to that judgment, if any, as may be so rendered in favor of Plaintiff for an amount of money the Trustee shall sell all of said property held by him at private sale for cash as may be found necessary to satisfy such money judgment. Such sale or sales shall be subject to approval of this Court after five (5) days' notice given by said Trustee to the attorneys last of record herein for the respective parties hereto."

Within two or three days after February 28, 1958, the said J. O. Daughtry took possession, constructive or otherwise, of all of the properties of the defendants, other than the United States, except such property of Arlin Anderson as is exempt from forced sale under the laws of the State of Texas, and has had possession of said properties since that time.

■ The plaintiff asserted several causes of action against the defendants, other than the United States, alternatively. One of these causes of actions was on a note dated December 31, 1956, in the principal amount of $165,364 which plaintiff alleges the defendant, Underwriters Fund, duly executed and delivered to it. At the trial the plaintiff, in effect, abandoned its causes of actions asserted in its complaint, other than its cause of action based on said note, and in open court so advised the court. Although the defendants, other than the United States, admit that on December 31, 1956, Underwriters Fund, acting through its President, Arlin Anderson, executed and delivered to plaintiff a promissory note in the principal amount of $165,364 they allege and contend that said note was without consideration. In

this connection, I find that on December 31, 1956, Underwriters Fund duly executed and delivered to the plaintiff a promissory note bearing that date in the principal amount of $165,364, which note was to be due on December 31, 1957, and was not to bear interest but said note did provide that in the event default was made in the payment of same at maturity, and it is placed in the hands of an attorney for collection, or suit is brought on the same, the maker of the note was to pay an additional amount of ten per cent on the principal and interest then due as collection or attorney's fees. I further find that at the time of the execution and delivery of said note Underwriters Fund was indebted to plaintiff in the amount of $165,364 and that such note was given by Underwriters Fund to plaintiff because of such indebtedness and as evidence thereof. Under this finding it is concluded that said note is supported by an adequate consideration, and it is, therefore, a valid binding obligation of Underwriters Fund.

· The evidence showing that Underwriters Fund has not paid the note referred to in the paragraph next above or any part thereof, there is due and owing to plaintiff on said note the sum of $165,364, which sum the plaintiff is entitled to recover herein from Underwriters Fund, and since said note was not paid at its maturity and this suit to enforce its collection was brought, the plaintiff is entitled to recover from Underwriters Fund the additional sum of $16,536.40 as collection fees or attorney's fees.

There is no evidence that shows or tends to show that either Arlin Anderson, Empire Industries, Inc. or Empire Standard Investment Corporation is indebted to the plaintiff in any sum whatsoever.

The questions left for decision in this case pertain to whether the plaintiff, by virtue of the stipulation entered into by and between the plaintiff and the defendants, other than the United States of America, on February 28, 1958, and above referred to, has a lien on all of the properties of all the defendants, other than the United States of America, except such property of Arlin Anderson as is exempt from execution under the laws of the State of Texas, to secure the payment of the judgment it is to get against Underwriters Fund in this case, and, if so, whether plaintiff is entitled to have its said judgment satisfied out of the properties covered by said lien prior to the United States having the tax liability of Arlin Anderson and Underwriters Fund to it satisfied out of said properties.

On March 13, 1958, the Commissioner of Internal Revenue made jeopardy assessments of taxes, penalties and interest upon the income of the defendant, Arlin Anderson, and his wife, Florence Anderson, jointly, for the taxable years 1954, 1955 and 1956 in the amounts of $1,612.88, $189,930.95, and $33,971.69, respectively, and on the same date notice was given to and demand for payment of such assessments was made upon the defendant, Arlin Anderson, and his wife. On March 18, 1958, a notice of a tax lien in favor of the United States because of said jeopardy assessments of taxes against Arlin Anderson and wife was duly filed in the office of the County Clerk of Smith County, Texas. Within the period provided by law a petition was filed with the Tax Court of the United States on behalf of Arlin Anderson and his wife for a redetermination of said jeopardy assessments. On November 10, 1959, pursuant to a stipulation executed by the attorneys for the respective parties in said Tax Court proceeding a decision was rendered ordering and decreeing that Arlin Anderson and wife, Florence Anderson, were indebted to the United States for income taxes and penalties for the taxable years 1954, 1955 and 1956 in the amounts of $782.52, $2,180.80 and $5,955.56, respectively, plus interest until paid. No payments have been made on the tax liability of the said Arlin Anderson and wife, Florence Anderson, and there is now due and owing the United States by Arlin Anderson and wife, Florence Anderson, as income taxes and penalties for the years 1954,

1955 and 1956 the sum of $8,918.88 plus interest.

On March 13, 1958, the Commissioner of Internal Revenue made a jeopardy assessment of taxes upon the income of the defendant, Underwriters Fund, in the amount of $368,660.30 and interest in the amount of $43,971.59, making a total assessment of $412,631.89 for the taxable year 1955. On the same date notice was given to and demand made upon the Underwriters Fund for the payment of said assessment. On March 18, 1958, a notice of tax lien in favor of the United States because of said jeopardy assessment was duly filed with the County Clerk of Smith County, Texas. Within the time and manner provided by law Underwriters Fund filed a petition with the Tax Court of the United States seeking a redetermination of said jeopardy assessment. On November 10, 1959, pursuant to a stipulation executed by the attorneys for the respective parties in said Tax Court proceeding the Tax Court of the United States entered a decision ordering and decreeing that Underwriters Fund was indebted to the United States for income taxes for the taxable year 1955 in the amount of $271,831.14 plus interest until paid. No payment on said tax liability of Underwriters Fund has been made and there is now due and owing to the United States by Underwriters Fund by virtue of said tax liability the sum of $271,831.14 plus interest until paid.

On March 14, 1958, the Commissioner of Internal Revenue made a jeopardy assessment of documentary stamp excise taxes against the defendant, Underwriters Fund, including interest in the amount of $12,808.56, and on the same date notice was given and demand made upon Underwriters Fund for the payment of said assessment. On April 24, 1958, a notice of tax lien in favor of the United States by virtue of said assessment was duly filed with the County Clerk of Smith County, Texas. No payment has been made by Underwriters Fund on this assessment, and there is now due and owing to the United States by the defendant,

Underwriters Fund, by virtue of said assessment the sum of $14,226.47, which includes interest up to January 18, 1960.

On March 21, 1958, the Commissioner of Internal Revenue made a jeopardy assessment of interest on documentary stamp excise taxes against the defendant, Underwriters Fund, in the amount of $1,632.04, and on the same date notice was given to and demand for payment of such assessment was made upon Underwriters Fund. On April 24, 1958, a notice of tax lien in favor of the United States by virtue of said assessment was duly filed with the County Clerk of Smith County, Texas. No part of said assessment has been paid, and there is now due and owing to the United States by Underwriters Fund the entire amount of said assessment.

■ On February 28, 1958, and at all times subsequent thereto the liabilities of Underwriters Fund were far greater than its assets and, therefore, on February 28, 1958, and at all times subsequent thereto Underwriters Fund was and is insolvent. That being true, there can be no doubt that under the provisions of 11 U.S.C.A. § 21, sub. a, the action of Underwriters Fund in entering into the stipulation of February 28, 1958, above referred to, under the terms of which it conveyed to the Trustee therein named all of its properties to be held by said Trustee to secure and pay off any judgment that might be rendered herein against it, or any of its co-defendants, other than the United States of America, constituted an act of bankruptcy. The evidence fails to disclose that Arlin Anderson was insolvent on February 28, 1958, or that he has been insolvent at any time subsequent thereto.

Under the provisions of Sec. 6321 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6321, the United States has liens on the properties of Underwriters Fund and Arlin Anderson to secure the payment of the taxes owed the United States by Arlin Anderson and Underwriters Fund, respectively, and under the provisions of Sec. 6332 of said Code, 26 U.S.C.A. § 6332, such liens became effec-

tive from the date the various taxes were assessed as hereinabove found. All notices of said liens as required by Sec. 6323 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 6323, had been given by April 24, 1958.

The Government contends that its tax liens are prior and superior to the lien, if any, the plaintiff has on the properties of Arlin Anderson and Underwriters Fund to secure the payment of the judgment that is to be entered in favor of the plaintiff and against the defendant, Underwriters Fund, in this cause. The questions relating to the effect of an alleged lien in favor of someone other than the United States and the relative priority of the lien of the United States for unpaid taxes are always Federal questions to be determined finally by the Federal courts.[1] It is now well settled that for a lien to be entitled to priority over a tax lien in favor of the United States, such lien must have been choate at the time the tax lien in favor of the United States became effective.[2] To be fully choate a lien must attach to specified property and the amount of the lien must be precisely established.[3]

The plaintiff claims a lien on the property of the defendants, other than the United States, except the property of Arlin Anderson that is not subject to execution under the laws of the State of Texas, to secure the payment of the judgment that is to be entered in its favor in this cause against Underwriters Fund by virtue of the stipulation between all parties hereto except the United States dated February 28, 1958, and contends that said lien was effective as of February 28, 1958. The amount of the plaintiff's lien was not known on February 28, 1958, and will only be established when judgment is entered in this case adjudging the amount the plaintiff is entitled to recover from Underwriters Fund or any of the other defendants other than the United States. Until that amount is determined by the judgment that is to be entered in this case plaintiff's lien on the properties of the defendants, other than the United States, is inchoate insofar as the tax liens of the United States are concerned or as has been said by the Supreme Court of the United States on several occasions such lien was only a caveat of a more perfect lien to come.[4]

It is concluded that plaintiff has a lien on all of the properties of the defendants, other than the United States, except the property of Arlin Anderson that is not subject to execution under the laws of the State of Texas, to secure the payment of the judgment that is to be entered in its favor herein against Underwriters Fund, which lien will only become choate upon the entry of the judgment in this case; that the United States has a lien on all of the properties of the defendant, Arlin Anderson, to secure the payment of the taxes with interest owed it by Arlin Anderson and wife as above found; that such lien of the United States on the property of Arlin Anderson is prior and superior to the lien of the plaintiff on the property of Arlin Anderson; that the United States has a lien on all of the property of Underwriters Fund to secure the payment of all taxes and interest owed it by Underwriters Fund, as above found; and that such lien of the United States on the property of Underwriters Fund is prior and superior to plaintiff's

1. United States v. Acri, 348 U.S. 211, 213, 75 S.Ct. 239, 99 L.Ed. 264; United States v. Waddill, Holland & Finn, 323 U.S. 353, 356, 357, 65 S.Ct. 304, 89 L.Ed. 294; People of State of Illinois ex rel. Gordon v. Campbell, 329 U.S. 362, 371, 67 S.Ct. 340, 91 L.Ed. 348, and United States v. Security Trust & Savings Bank, 340 U.S. 47, 49, 71 S.Ct. 111, 95 L.Ed. 53.

2. United States v. City of New Britain, Conn., 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520, and People of State of Illinois ex rel. Gordon v. Campbell, 329 U.S. 362, 375, 67 S.Ct. 340, 91 L.Ed. 348.

3. People of State of Illinois ex rel. Gordon v. Campbell, supra, and United States v. Kings County Iron Works, 2 Cir., 224 F.2d 232, 236.

4. United States v. Scovil, 348 U.S. 218, 220, 75 S.Ct. 244, 99 L.Ed. 271, and cases therein cited.

lien on the property of Underwriters Fund.

In view of the conclusion to the effect that the liens of the United States are prior and superior to the liens of the plaintiff on the properties of Underwriters Fund, it is unnecessary to pass upon the contention of the United States to the effect that under the provisions of 31 U.S.C.A. § 191 it is entitled to have the debts due it by Underwriters Fund satisfied prior to the debt owed by Underwriters Fund to plaintiff being satisfied.

Judgment will be entered herein as follows:

(1) Allowing plaintiff a recovery against the defendant, Underwriters Fund, for the sum of $181,900.40, with interest thereon at the rate of 6% per annum from date of judgment;

(2) Denying plaintiff a recovery of any sum of money against the defendant, Arlin Anderson, Empire Industries, Inc. and Empire Standard Investment Corporation, or either of them;

(3) Allowing the United States a recovery against the defendant, Arlin Anderson, for the amount of taxes and interest owed by Arlin Anderson and wife to the United States as hereinabove found;

(4) Allowing the United States a recovery against the defendant, Underwriters Fund, for the amount of taxes and interest owed it by Underwriters Fund as hereinabove found;

(5) Declaring that the plaintiff has a lien on all of the properties of the defendants, other than the United States, except the property of Arlin Anderson that is not subject to execution under the laws of the State of Texas, to secure the payment of the judgment entered herein in favor of the plaintiff and against Underwriters Fund;

(6) That the United States has a lien on all of the properties of Arlin Anderson to secure the payment of the taxes owed it by Arlin Anderson and his wife, as hereinabove found, and that such lien is prior and superior to plaintiff's lien on the properties of Arlin Anderson;

(7) That the United States has liens on the property of Underwriters Fund to secure the payment of the taxes and interest owed it by Underwriters Fund, as above found, which liens, and each of them, are superior and prior to plaintiff's lien on the properties of Underwriters Fund;

(8) Ordering a foreclosure of plaintiff's lien on all the properties of the defendants, other than the United States, except the property of Arlin Anderson that is not subject to execution under the laws of the State of Texas;

(9) Ordering a foreclosure of the lien of the United States on all the property of Arlin Anderson and ordering and directing that the proceeds of the sale of such property of Arlin Anderson under foreclosure shall be applied to the indebtedness of Arlin Anderson and his wife to the United States for taxes, as hereinabove found, until such indebtedness has been fully paid and discharged and then and only then shall any part of the proceeds of the sale of said properties be applied to the indebtedness of Underwriters Fund to the plaintiff as fixed by the judgment;

(10) Ordering a foreclosure of the liens of the United States on all the property of Underwriters Fund and ordering and directing that the proceeds of the sale of such property of Underwriters Fund under foreclosure shall be applied first to the indebtedness of Underwriters Fund to the United States for taxes, as hereinabove found, until such indebtedness has been fully paid and discharged and then and only then shall any part of the proceeds of the sale of said properties be applied to the indebtedness of Underwriters Fund to the plaintiff as fixed by the judgment; and

(11) Taxing all costs of Court herein against Underwriters Fund.

This Memorandum Decision will constitute the Findings of Fact and Conclusions of Law herein as authorized by Rule 52, F.R.Civ.P., 28 U.S.C.A.