# Barritt v. Lutz

*Schiffman & Gill,* for assignee.

*Daniel H. Jenkins,* United States Attorney, and *James S. Palermo,* Assistant United States Attorney, for Internal Revenue Service.

APONICK, P. J., July 28, 1960.—On April 29, 1955, R. Carlyle Barritt leased to Harry Lutz premises at 58 North Main Street, Pittston, for a term of five years. On January 30, 1958, the United States Treasury Department, Internal Revenue Service, filed notice of lien in the Prothonotary's Office of Luzerne County for $322.66, upon which there is now due $127.33. The tenant being in default, the landlord entered judgment on the lease on May 23, 1958, and issued a fi. fa. on the same day. This judgment is now assigned to Liberty National Bank of Pittston.

The personal property of Harry Lutz was subsequently sold by the sheriff upon the fi. fa. for the sum of $375. The landlord claimed all of the proceeds of the sale and the Internal Revenue Service claimed a priority as to $127.33. Thereupon, the sheriff petitioned to pay the money, less costs, into court, which permission was granted and the money deposited. Subsequently, the court, upon petition of the assignee of the judgment, fixed a time for the determination of the rights of the respective parties. It is that matter that is now before us.

The landlord contends that his assignee is entitled to the whole fund because of the priority given to him by the Act of June 16, 1836, P. L. 755, 68 PS §§321 and 324. The Internal Revenue Service, on the other hand, contends that it is entitled to priority over the landlord under section 3670 of the Internal Revenue Code, 26 U. S. C. A. §3670.

This case is almost identical on its facts with United States v. Scovil, 348 U. S. 218, 99 L. Ed. 271, 75 S. Ct. 244, and the contention of the government must be sustained. In that case, the landlord applied to the Court of Common Pleas of South Carolina for a warrant of distress for default in payment of rent, which was granted. The warrant was delivered to an officer who made demand upon the tenant for payment of the rent in arrears.

Under the law of South Carolina, if the rent is not paid, the officer is to distrain. After the distraint, the tenant has five days in which to put up a bond and free the property from the distraint. Within that five days, the Internal Revenue Service filed notice of its lien. Upon proceedings for the distribution of the fund realized on the sale, the United States Supreme Court held that the government lien had priority because the notice was filed in the appropriate office before the lien of the landlord became perfected.

In the case at bar, although the lease was dated in 1955, the actual judgment was not entered until after the lien of the Government had become perfected by filing the notice in the prothonotary's office. In other words, although the landlord had a claim for unpaid rent, it was not perfected until after the Government lien and, therefore, the Government has priority to the extent of the amount due it.

The landlord relies upon the case of Ferbro Trading Corporation v. Jo-Mar Dress Corporation, 78 D. & C.

337. That case was decided before the Scovil case and we think that the latter is controlling here.

Accordingly, from the fund in the hands of the prothonotary, the United States Treasury Department, Internal Revenue Service, shall be paid the sum of $127.33, with interest, and the balance of said fund shall be paid to the Liberty National Bank of Pittston, assignee of R. Carlyle Barritt. Costs of these proceedings to be paid out of the fund.