**In the Matter of JUNO CONSTRUCTION CO., Inc., Bankrupt.**
**No. 116415.**

United States District Court
S. D. California,
Central Division.
Dec. 7, 1964.

---

4. The Pennsylvania, 19 Wall. 125, 86 U.S. 125, 22 L.Ed. 148 (1874).

5. 5 Cir., 1955, 220 F.2d 120.

Brown & Brown, Los Angeles, Cal., for Juno Construction Co., bankrupt (assignee).

Samuel A. Miller, Los Angeles, Cal., for Gilbert Robinson, trustee.

Manuel Real, U. S. Atty., by James S. Bay, Asst. U. S. Atty., Los Angeles, Cal., for United States.

HALL, District Judge.

The assignee, under an assignment for the benefit of creditors, made within four months prior to the filing of the Petition in Bankruptcy, has petitioned for a review of the Referee's Order of June 23, 1964, surcharging the assignee with the sum of $1,528.72, being the amount disbursed by the assignee for fees to himself and various services *prior to* filing the Petition in Bankruptcy.

The Referee has jurisdiction to re-examine and determine the propriety and reasonableness of charges claimed by the assignee, and surcharge the same if the Referee deems them improper or excessive. [11 U.S.C. § 11, sub. a(21)].

The assignee's fees and expenses are not expenses of the administration of the bankrupt estate as they were not incurred *subsequent* to the filing of the Petition in Bankruptcy. [11 U.S.C. § 104, sub. a(1)].

The Statute of Limitations [11 U.S.C. § 29, sub. e] is not applicable to a surcharge in a proceeding such as here.

The assignee was not a purchaser. A purchaser is one who acquires title for a valuable consideration in the manner of a vendor and vendee. [United States v. Scovil (1954) 348 U.S. 218, 222, 75 S.Ct. 244, 99 L.Ed. 271].

The Referee's conclusion to surcharge the assignee was proper in view of the Lien of the United States for taxes

which existed prior to the assignment to the assignee. [Meyer v. Bass (9 Cir. 1960) 281 F.2d 728].

For the foregoing reasons, the Order of the Referee in Bankruptcy surcharging the assignee as set forth in his Order of June 23, 1964, is hereby affirmed.