WERNER H. ERHARD AND ELLEN V. ERHARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Erhard
Docket Nos. 39473-85, 46712-86, 39532-87, 137-88
United States Tax Court
T.C. Memo 1993-25; 1993 Tax Ct. Memo LEXIS 34; 65 T.C.M. (CCH) 1786; January 21, 1993, Filed *34 Decisions will be entered in accordance with respondent's computations as modified herein with respect to the payments made after the issuance of the notices of deficiency. For petitioners: Michael I. Saltzman, Barbara T. Kaplan, and Robert F. Hermann. For respondent: Carmen Baerga, Craig Connell, Mildred Moon, and Raymond Kahn. SCOTT SCOTT SECOND SUPPLEMENTAL MEMORANDUM OPINION SCOTT, Judge: The Memorandum Findings of Fact and Opinion in these cases, T.C. Memo. 1991-290, was filed July 1, 1991. Petitioners timely filed a motion for reconsideration and a hearing on this motion was held on October 30, 1991. The Court granted the motion for reconsideration with respect to the allegation therein that the Court erred in holding that petitioners had not established a basis for depreciation for the years 1981, 1982, and 1983 for assets transferred to them in 1981 and in holding that petitioners were liable for the addition to tax under section 6661. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. In a Supplemental Memorandum Opinion, T.C. Memo. 1992-376, *35 filed July 6, 1992, we concluded that the record was sufficient to establish the basis in the hands of petitioners for certain assets which petitioners took over from an entity, est, a.e.c., and, therefore, it was necessary to discuss among other things "what the useful life of these assets was at the time they were transferred to WEA". We stated that it appeared that the record was sufficient to determine the useful life of certain of the items which had been shown on the return of est, a.e.c., for its fiscal year ended June 30, 1981. Based on the Supplemental Memorandum Opinion filed July 6, 1992, we granted in part and denied in part petitioners' motion for reconsideration and stated that decisions would be entered under Rule 155. Petitioners filed their computations for entry of decision allegedly in accordance with the Memorandum Findings of Fact and Opinion of the Court filed July 1, 1991, and the Supplemental Memorandum Opinion filed July 6, 1992, on October 13, 1992. On November 20, 1992, respondent filed objections to petitioners' computations. On November 6, 1992, respondent filed her computations for entry of decision, and on December 11, 1992, petitioners filed objections *36 thereto. The differences in the computations filed by the parties relate to: (1) The useful life which should be applied to the basis of the assets to compute depreciation on a straight line basis; (2) whether an amount which petitioners paid over to the Internal Revenue Service as a withholding tax on interest due to Intercultural Cooperation Foundation (ICF), an organization established under the laws of Switzerland, should be considered as a payment of tax made by petitioners and, if so, how it should be reflected in the computations under Rule 155 and decisions of the Court; and (3) how some payments made by petitioners after the mailing of the notices of deficiency should be reflected in the computations under Rule 155 and decisions of the Court. Also, there are minor differences in the amounts shown by the parties as payments made by petitioners after the mailing of the notices of deficiency. Respondent computed the useful life of office equipment and furniture, vehicles, and computers, the items with respect to which there is disagreement between the parties with respect to the useful life to be used, by using the class life tables contained in Rev. Proc. 77-10, 1977-1 C.B. 548. *37 Respondent used the lower range of the useful life of each class of asset as set forth in Rev. Proc. 77-10, 1977-1 C.B. 548. Petitioners were unable to point to any specific evidence in the record setting forth the remaining useful life of any of the assets. Since petitioners contended that the depreciation should be on the remaining useful life of the assets considering the date the assets were acquired by est, a.e.c. rather than the date of the transfer of the assets to petitioners, petitioners employed an accountant to make a computation from various figures on the returns of est, a.e.c., to arrive at a computed remaining useful life of the assets. Petitioners referred to their method as one which could "constructively determine the original asset lives used by est, a.e.c. and the years remaining based on the depreciation amounts reported and the date at which the assets were placed into service by est, a.e.c.". Petitioners attached to their objection to respondent's computations under Rule 155 an affidavit of a partner in the accounting firm of Ernst & Young explaining the method she used in computing "constructive useful lives" to *38 arrive at her opinion of the constructively determined remaining useful lives. It is well settled that a computation under Rule 155 must be made from the record and opinion of the Court and cannot be used to raise a new issue. Estate of Stein v. Commissioner, 40 T.C. 275, 280 (1963). Clearly, where it would be necessary to reopen the record to admit new evidence to decide a contention which a party attempts to raise under Rule 155, the issue is a new issue which may not be raised in a Rule 155 computation. See Cloes v. Commissioner, 79 T.C. 933, 935 (1982). Clearly here the record does not actually disclose the useful life of each of the assets involved which remained at the time petitioners received the assets from est, a.e.c. From the affidavit of the accountant and computations attached thereto we conclude that the computed remaining useful life of each asset is an accounting opinion of the accountant who did the computations and raises a new issue as to whether in fact these computations do properly result in the remaining useful life of each asset. To determine whether the useful lives as so computed are appropriate *39 to use in computing depreciation for petitioners would require a reopening of the record to permit the accountant to give her opinion testimony and to afford respondent the opportunity to cross-examine with respect to her opinion, and, if appropriate, to offer the opinion of another accounting expert. This is not the province of a computation under Rule 155. We, therefore, sustain respondent's determination of the useful life of each of the classes of assets here involved. The record is clear that the amount withheld from interest which petitioners claim was due to ICF was not a payment of petitioners' own tax, but rather a withholding of the tax of that foreign entity. Because we held that petitioners were not entitled to deduct the interest which they alleged was paid to ICF, petitioners contend that the withholding should be considered as tax paid by them. We do not agree with petitioners' logic. We held that the deduction petitioners claimed as an interest deduction was not properly allowable. However, whether or not petitioners made some payment to ICF from which a withholding was properly made was not an issue in these cases. Certainly the amount petitioners paid to *40 the Internal Revenue Service as withholding from the payment to ICF was in payment of a tax stated to be the tax of ICF and not petitioners' tax. This record shows that the amount which petitioners designated as "withholding tax" was in fact a payment of tax of ICF and not of petitioners. The withholding of a tax of ICF is not a payment of tax by petitioners. It appears that petitioners did make some payments to the Government subsequent to the issuance of the notices of deficiency. However, there is nothing in the record in these cases to show the exact amounts of these payments, when they were made, and for what they were designated. The determination in this case is made as of the date of the issuance of the notices of deficiency unless the parties by stipulation agree otherwise. We will, therefore, determine in these cases the deficiency in each year without taking into consideration the jeopardy assessments made by respondent on April 8, 1991, against Werner H. Erhard and without taking into consideration payments made by petitioners after the date of the issuance of the notices of deficiency. The payments made after the issuance of the notices of deficiency can be handled *41 by the parties in connection with collection of the deficiencies. Decisions will be entered in accordance with respondent's computations as modified herein with respect to the payments made after the issuance of the notices of deficiency.