**UNITED STATES v. BARNDOLLAR & CROSBIE, Inc., et al.**

No. 3513.

Circuit Court of Appeals, Tenth Circuit.

March 1, 1948.

Harry Marselli, of Washington, D. C. (Theron Lamar Caudle, Asst. Atty. Gen. and Helen R. Carloss, A. F. Prescott and Newton K. Fox, Sp. Assts. to the Atty. Gen., and Cleon A. Summers, U. S. Atty., and J. W. Crawford, Asst. U. S. Atty., both of Muskogee, Okl., on the brief), for appellant.

John L. Goode, of Shawnee, Okl. (Mark Goode, of Shawnee, Okl., on the brief), for appellees.

Before BRATTON, HUXMAN and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

The United States instituted this action against Barndollar & Crosbie, Inc., a corporation, hereinafter referred to as the

taxpayer, Federal National Bank of Shawnee, Oklahoma, hereinafter referred to as the bank, and J. F. Buck, president of the bank. The claim pleaded was that the taxpayer owed insurance contribution taxes and unemployment taxes, together with penalty and interest thereon, in the aggregate amount of $3,217.20; that the bank and Buck received and had in their custody funds and other property belonging to the taxpayer; that notice of the levy was filed of record, as required by law; that warrants of distraint were served upon the bank and Buck, as required by law; that demand for the payment of such taxes had been made upon the taxpayer, the bank, and Buck; that each and all of them had failed and refused to make payment; and that the funds belonging to the taxpayer in the hands of the bank and Buck were subject to a lien for the taxes, penalty and interest. By answer, the bank pleaded that it held the note of the taxpayer on which there was then due $10,399.84, together with accrued interest; that the note was secured by a mortgage covering certain property of the taxpayer; and that the mortgage was in process of being foreclosed. By separate answer, Buck admitted that he had in his possession $15,000 belonging to the taxpayer but he pleaded that it was being held to indemnify himself and to be applied in payment of the note due the bank. The taxpayer responded to the answers of the bank and Buck, but it did not file any answer to the complaint or otherwise join issue upon the existence or amount of the delinquent taxes. The Court found that the taxes had been duly assessed; that proper demands for payment had been made; that warrants of distraint had been issued and served; that proper notices of tax liens had been filed; and that the bank and Buck had in their possession money in the amount of $1,251.59 belonging to the taxpayer which was subject to the lien for the taxes. Judgment was entered commanding the bank and Buck to pay to the United States $1,251.59 out of the funds belonging to the taxpayer, with the further provision that on failure immediately to make such payment the United States have and recover the amount from the bank and Buck. The United States appealed.

Section 1400, 1401, and 1410, of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, §§ 1400, 1401, 1410, impose insurance contribution taxes, and section 1600 lays unemployment taxes. Section 3670, 26 U.S.C.A. Int.Rev.Code, § 3670, provides in effect that where a person fails or refuses to pay taxes due the United States after demand, such taxes, penalty, and interest shall be a lien upon all property and rights to property belonging to such person; section 3671, 26 U.S.C.A. Int.Rev. Code, § 3671, provides that unless another date is specifically fixed by law, the lien shall arise at the time the assessment list is received by the collector and shall continue until the liability is satisfied or becomes unenforceable by lapse of time; section 3672, 26 U.S.C.A. Int.Rev.Code, § 3672, provides that the lien shall not be valid as against a mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector in the manner therein specified; and section 3678, 26 U.S.C.A. Int.Rev.Code, § 3678, authorizes a civil action in the United States Court to enforce the lien for the taxes upon any property and rights to property of the delinquent taxpayer, and provides that all persons having liens upon or claiming any interest in such property shall be made parties. Considered together, these statutes are broad in their sweep, and they indicate a studied legislative purpose to secure the collection of taxes. Glass City Bank of Jeanette, Pa., v. United States, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56; Cannon v. Nicholas, 10 Cir., 80 F.2d 934; Citizens State Bank of Barstow, Texas, v. Vidal, 10 Cir., 114 F.2d 380. The lien created by section 3670 covers all property or rights in property of the taxpayer. And, subject to the provisions of section 3672, it may be enforced as against a mortgagee, pledgee, purchaser, or judgment creditor, of the taxpayer. Citizens State Bank of Barstow, Texas, v. Vidal, supra.

The parties argue the question whether judgment should have been entered against the bank and Buck for the full amount of the taxes, together with penalty and interest, aggregating $3,217.20. Two cases were pending in the court. One was numbered 1039. The taxpayer, the bank, Buck, the

State of Oklahoma, and others were parties; and it seemingly presented for determination rival claims to property of the taxpayer. The United States was not a party. The other case was this one instituted by the United States to recover unpaid delinquent taxes. It was numbered 1622. The two cases were consolidated for trial. The attorney representing the government stated early in the trial proceedings that it was the contention of the government that $15,000 held by the bank and Buck in an indemnity fund was subject to the lien for the taxes; and that the contention was reflected by the pleadings. The court replied that the question relating to the fund being subject to the lien for the taxes would be determined after disposition had been made of the issue whether the bank and Buck took over and operated the business of the taxpayer, and if so whether the taxpayer had suffered resulting damages. Soon after these statements were made, the auditor previously appointed by the court made an oral report in open court. The substance of the report was that Buck held in his possession $15,000 belonging to the taxpayer, and that the taxpayer was indebted to the bank in the sum of $10,399.84, plus accrued interest. Oral and documentary evidence was introduced, but it related solely to the issues between the taxpayer and the bank and Buck. It did not have any relation whatever to the funds of the taxpayer in the hands of the bank and Buck. A stipulation is in the record, but it does not bear any title or number. It provides that the bank pay to the taxpayer $10,785.60; that out of such money, the taxpayer pay the State of Oklahoma $1,000, General Steel Products Corporation $2,250, and Jackson Materials Company, Inc., and W. C. Jackson individually $4,000. It recites that the liability of the taxpayer to the United States "upon its claim in this lawsuit, has been determined by the Court by judgment on the evidence in accordance with the findings of fact and conclusions of law to be entered herein"; and it provides that the taxpayer shall pay the amount of the judgment out of the money received from the bank. It further provides that after making payment of $10,785.60 any funds retained by the bank or Buck belonging to the taxpayer shall be the property of the bank. And finally, it provides that after making the required disbursements out of the $10,785.60 received from the bank, any balance in the hands of the taxpayer shall be its property "free and clear of any claim * * * of the parties to this action, * * *" The stipulation was signed by the attorneys for the taxpayer, the bank, Buck, the State Insurance Fund, General Steel Products Corporation, Jackson Materials, Inc., and Jackson, individually. It was not signed by the United States. There are findings of fact and conclusions of law in the record bearing at the top thereof the numbers of both cases, 1039 and 1622. They recite that the parties to the consolidated action, except the United States, entered into a stipulation to settle the cause; that cause No. 1622 had been reduced to judgment, upon a trial of the issues; that the stipulation was dictated by the parties in open court and later signed; and that the stipulation was attached to the findings and made a part of them. A judgment appearing in the record also bears at the top thereof the numbers of both cases, 1039 and 1622. It provides that in accordance with the findings of fact, the taxpayer recover from the bank $10,785.60; that the note on which the bank sued be cancelled and surrendered; and that out of the money recovered from the bank, the taxpayer pay the judgment of $1,251.59 rendered in favor of the United States in cause originally numbered 1622, pay the State Insurance Fund, $1,000, pay General Steel Products Corporation $2,250, and pay Jackson Materials Company, Inc., $4,000. It further provides that the judgment shall be a "full, complete, and final settlement of all conflicting claims between the parties to this litigation, except the United States. * * *" And it further provides that after paying $10,785.60 to the taxpayer, any balance in the hands of the bank or Buck out of $15,000 held for the benefit of the taxpayer shall belong to the bank. The stipulation, the findings of fact bearing at the top thereof the numbers of both cases, the judgment bearing at the top thereof the numbers of both cases, the findings of fact and conclusions of law in this separate case brought by the

United States for the recovery of taxes, and the judgment in this separate case, were each and all filed in the court on the same day. While the record is freighted with lack of clarity, considered as a whole and without further explanation, it indicates that the bank and Buck had in their possession funds belonging to the taxpayer and subject to the lien of the government sufficient in amount to pay in full the taxes, penalty, and interest. There is nothing in the record to show that the bank or Buck had in its or his possession $1,251.59, but no more, belonging to the taxpayer and subject to the lien. And omitting the State of Oklahoma, there was no showing as to whether any of the other parties had a bona fide lien on the funds of the taxpayer in the hands of the bank and Buck.

It is fairly apparent from the record that the claim of the State of Oklahoma was for the benefit of the insurance fund of the state; and, if so, the lien of the United States upon the funds of the taxpayer in the hands of the bank and Buck was prior to that of the state. People of State of Illinois v. United States, 328 U.S. 8, 66 S.Ct. 841, 90 L.Ed. 1049; People of State of Illinois v. Campbell, 329 U.S. 362, 67 S.Ct. 340.

It is impossible to find in the record any sustainable basis for the finding that the bank and Buck had in their possession $1,251.59—and no more—belonging to the taxpayer which was subject to the lien for the taxes; and likewise, it is impossible to find any basis for the judgment in favor of the United States for that amount, but no more.

Endeavoring to avoid a reversal of the judgment, the bank and Buck advance the argument that since the United States did not except to the findings of fact and conclusions of law, or the judgment, no question was preserved for review on appeal. Federal Rules of Civil Procedure, rule 46, 28 U.S.C.A. following section 723c, renders unnecessary the taking of formal exceptions to rulings or orders of the Court. Still in order to preserve a question for review on appeal, a litigant is required to make known to the court the action he desires taken, or his objection to the action taken and his ground or grounds therefor. Massachusetts Bonding & Insurance Co. v. Preferred Automobile Insurance Co., 6 Cir., 110 F.2d 764; Drybrough v. Ware, 6 Cir., 111 F.2d 548. But here the complaint and the statement of counsel made early in the trial, left no room for oversight or doubt that the very essence of the action was to enforce a lien against the funds in the hands of the bank and Buck for the full amount of the delinquent taxes, penalty, and interest. And that was sufficient to preserve for review the correctness of the action of the court in entering judgment enforcing the lien for part but not all of such taxes, penalty, and interest.

The judgment is vacated; and the cause is remanded for the submission of additional evidence, if that is desired, for the making of complete findings of fact and conclusions of law, and for the entry of judgment predicated upon such findings and conclusions.