UNITED STATES of America, Plaintiff,

v.

Nathan GALVIN, Lillian Galvin, Irving M. Galvin, Eileen Galvin, Elaine G. Kleinberg, Fulton Savings Bank, Isidor Frank, Dime Savings Bank and Metropolitan Life Insurance Company, Defendants.

Civ. 61–C–244.

United States District Court E. D. New York.

Oct. 31, 1961.

Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., by Peter H. Ruvolo, Asst. U. S. Atty., Brooklyn, N. Y., for the motion.

Turk & Walzer, by Carl Turk, New York City, in opposition.

RAYFIEL, District Judge.

The Government has commenced this action to enforce its tax liens on two parcels of real property and on a policy of life insurance, and makes this motion for partial summary judgment enforcing its tax liens against one of said parcels.

The real property in question is located at 2133 East 29th Street, Brooklyn, New York, within this District. It had been owned by the defendant Lillian Galvin from June 29, 1945 until June 5, 1956 when she transferred title thereto to her son, the defendant Irving M. Galvin, who, it is conceded, paid her no or a merely nominal cash consideration therefor. He acquired the property subject to a first mortgage held by the Fulton Savings Bank of Kings County in the face amount of $8,000, which had been reduced to approximately $7,600, a second mortgage to Isidor Frank in the sum of $5,000, and a third mortgage to Philip and Rose Cohen in the sum of $7,500. On June 4, 1957 Irving M. Galvin conveyed the property to his wife, Eileen Galvin, likewise for either no or a nominal *cash* consideration.

On March 15, 1951, the defendant Lillian Galvin, the original owner of the premises in question, filed an income tax return for the year 1950. On January 27, 1954 the said defendant and the Commissioner of Internal Revenue entered into an agreement whereby the time for assessing her income tax liability for 1950 was extended to June 30, 1955. On June 15, 1955 the Commissioner of Internal Revenue served notice of a deficiency of $20,925.92 in tax and $13,820.65 in penalties in her income tax for 1950. On September 12, 1955, the said defendant filed a petition with the Tax Court for redetermination of the said deficiency and on June 12, 1956 the Tax Court entered an order dismissing the petition on the ground that it was not filed with-

in the ninety day period required by Section 6213(a) of the Internal Revenue Code of 1954. The defendant then appealed to the Court of Appeals for the Second Circuit which, on December 3, 1956, affirmed the order of the Tax Court. The tax, penalties and interest were assessed at $40,907.79 on April 23, 1956, and on June 11, 1956 the taxpayer was given notice of the assessment with demand for payment thereof. It is conceded that no part of the said assessment has been paid by the defendant Lillian Galvin.

The Government contends that when the taxpayer, Lillian Galvin, turned the property over to her son on June 5, 1956, and when he transferred it to his wife on June 4, 1957, each received the property subject to the tax lien. It concedes that the notice of the tax lien was not *filed* until August 1, 1956, almost two months after the conveyance of title by the said taxpayer to her son, but it points out that while Section 6323(a) of the Internal Revenue Code of 1954 provides that a federal tax lien "shall not be valid as against any *mortgagee, pledgee, purchaser, or judgment creditor* until notice thereof has been filed by the Secretary or his delegate", the son was none of these, and hence took the property subject to the lien.

The defendants Irving M. Galvin and Eileen Galvin, the taxpayer's son and daughter-in-law, ask for leave to amend their answers to allege that the transfers to them were based on valuable considerations. They allege that they took the property subject to the mortgages of record against it, they have liquidated the second and third mortgages, reduced the first mortgage, and made substantial improvements on the property.

Elaine Kleinberg, the taxpayer's daughter, asks leave to amend her answer to show that she is the assignee of the second mortgage formerly held by Isidor Frank.

The defendants further contend that the Government is barred by the statute of limitations from proceeding with the assessment against Lillian Galvin. **They**

**6**

argue that since the Government raised the question of the timely filing of the taxpayer's application to the Tax Court, and since the Tax Court refused to take jurisdiction of the matter, a decision affirmed by the Court of Appeals, Sections 277 and 1140 of the Internal Revenue Code of 1939, which extend the time for filing the assessment until the Tax Court decision becomes final and for sixty days thereafter, are not applicable.

■ I reject that argument. The taxpayer, Lillian Galvin, it is true, made application to the Tax Court, but it was not made timely. She then elected to appeal to the Court of Appeals, where the Government's position was affirmed. To permit her now to say that the Government's time to file its assessment was not extended is to disregard the clear language of Sections 277 and 1140, supra. The defense of the statute of limitations is, therefore, without merit.

■■ The contention of the defendants Irving M. Galvin and his wife, Eileen, that the transfers to them were based on valuable considerations is also without merit. Section 6323(a), supra, defines the persons against whom a lien is not valid until filed as "any mortgagee, pledgee, purchaser, or judgment creditor". These defendants obviously were not mortgagees, pledgees, or judgment creditors. Nor were they "purchasers", as defined in the case of United States v. Scovil, 348 U.S. 218, at page 221, 75 S.Ct. 244, at page 247, 99 L.Ed. 271: "A purchaser within the meaning of § 3672 [of the Internal Revenue Code of 1939 (now Section 6323 of the Internal Revenue Code of 1954)] usually means one who acquires title for a valuable consideration in the manner of vendor and vendee." (Matter in brackets added). Concededly, Irving M. Galvin paid his mother either no or a merely nominal *cash* consideration, so that they were hardly in the position of vendor and vendee. That was equally true of his transfer of title to his wife on June 4, 1957, *after* the lien had been filed. The fact that the son took the property subject to the mortgages of record was not, in my opinion, sufficient to

meet the exceptions provided for in Section 6323(a), supra. The motion for partial summary judgment against the defendants Nathan Galvin, Lillian Galvin, Irving M. Galvin and Eileen Galvin is granted. As to the defendant Elaine G. Kleinberg, however, she appears to be the assignee of record of the second mortgage formerly held by Isidor Frank, and asks leave to amend her answer to set forth her interest therein. In the interest of justice, she will be permitted to serve and file her amended answer within 10 days after service of a copy of the order herein with notice of entry thereof. The motion for partial summary judgment is denied as to her.

Settle order on notice.