■ GOLD MEDAL PRODUCTS, INC., et al., Respondents, v INTERSTATE COMPUTER SERVICES, INC., et al., Appellants. — In an action to recover damages, *inter alia,* for conversion, defendants appeal from an order of the Supreme Court, Nassau County, dated May 16, 1980, which denied their motion for summary judgment. Order modified, on the law, by adding thereto, after the provision denying the motion, the following: "except that partial summary judgment is granted to the defendants with respect to the period of time subsequent to the escrow agreement of February 16, 1979." As so modified, order affirmed, with $50 costs and disbursements payable to the defendants. Plaintiff Gold Medal Hair Products, Inc. (plaintiff Howard Tresses, Inc., is a wholly owned subsidiary of Gold Medal), a mail order sales company, contracted with defendant Interstate Computer Services, Inc. (defendant Max Houss is the president of Interstate) to have Interstate prepare and maintain computerized customer mailing lists for Gold Medal. The agreement provided that the computer tapes were to be the property of Gold Medal. Gold Medal became disenchanted with Interstate and, on January 24, 1979, notified Interstate that it wished to discontinue its service and demanded that the tapes be turned over to it. Interstate refused to deliver the tapes within the 10-day period set forth in the agreement and stated that it would sell them if Gold Medal did not satisfy an alleged outstanding indebtedness. In response, Gold Medal brought an action to enjoin the sale of the tapes. The injunction action was settled by stipulation and an order was granted February 16, 1979, on consent, which required Gold Medal to post a bond and ordered the tapes to be held in escrow by Interstate's attorney "until further order of this Court, or written stipulation by the parties directs otherwise." Pursuant to a subsequent stipulation, made on January 21, 1980, which settled an action by Interstate against Gold Medal on the indebtedness due, the escrow agreement was terminated and the tapes were returned to Gold Medal. The instant action was brought by Gold Medal seeking damages against Interstate for breach of contract and for the tortious retention of the tapes. In order to establish a cause of action for conversion, Gold Medal must demonstrate legal ownership or an immediate superior right of possession to the tapes and it must be shown that Interstate exercised unauthorized dominion over those tapes to the exclusion of Gold Medal's rights (see *AMF Inc. v Algo Distrs.,* 48 AD2d 352). There is no dispute as to the first prong of the test. As to the second element, Gold Medal has established, prima facie, that Interstate exercised unauthorized dominion over the tapes between the period of February 3, 1979 (10 days after the January 24, 1979 demand) and February 16, 1979, the date the tapes were placed in escrow on consent. Issues of fact exist as to whether Interstate's retention was unauthorized and a trial is necessary to resolve those questions. For the period subsequent to the February 16, 1979 order and stipulation authorizing the placement of the tapes in escrow, no unauthorized dominion over the tapes by Interstate occurred as a matter of law. Therefore, no cause of action in conversion may be maintained with respect to that period of time. Mangano, J.P., Gibbons, Gulotta and O'Connor, JJ., concur.