**UNITED STATES of America, Plaintiff,**

v.

**Ann G. PALADIN and Carl D. Traina, Defendants.**

**No. CIV–78–860.**

United States District Court,
W. D. New York.

Feb. 11, 1982.

Jonathan B. Forman, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff.

Carl P. Paladino, Joseph V. Sedita, Buffalo, N. Y., for defendants.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiff seeks to recover unpaid taxes assessed against the defendant Paladin for the years 1971 through 1974. It also asserts causes of action against the defendant Traina, Paladin's brother, based on his alleged conversion of money belonging to Paladin on which plaintiff claims a lien and an alleged fraudulent transfer of such money to him. Plaintiff has moved for summary judgment. Its motion has been opposed by Traina but not by Paladin.

Summary judgment is a drastic remedy which may be granted only when there are no material issues of fact to be resolved at trial. *Gladstone v. Fireman's Fund Ins. Co.,* 536 F.2d 1403, 1406 (2d Cir. 1976). The moving party has the burden of demonstrating that there is no material factual issue and that he is entitled to judgment as a matter of law. *Robertson v. Seidman &*

*Seidman,* 609 F.2d 583, 591 (2d Cir. 1979). In ruling upon a motion for summary judgment, a court "must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought * * *." *Heyman v. Commerce and Industry Insurance Co.,* 524 F.2d 1317, 1320 (2d Cir. 1975). After reviewing the pleadings, the transcript of Traina's pretrial deposition, Paladin's answers to interrogatories, plaintiff's request for admissions,[1] the affidavit of Philip A. Corigliano submitted in support of the current motion, and the memoranda of law submitted by plaintiff and Traina, I have concluded that the plaintiff has established that it is entitled to summary judgment against Paladin and against Traina on its cause of action for conversion.

Traina and Paladin opened the Stage Pigalle Bar in 1965. Paladin ran the bar as a sole proprietorship until 1970, at which time she became ill. She executed a power of attorney in favor of Traina September 28, 1970 and authorized him to conduct transactions on her behalf with respect to chattels and goods, banking, insurance, general business operations, and records and reports. Thereafter, Traina ran the bar and also handled Paladin's personal affairs, including the preparation of her personal income tax returns.

Beginning in December, 1973, plaintiff made various tax assessments against Paladin. Withholding and Federal Insurance Contributions Act ("FICA") taxes (including interest and penalties) totalling $1,938.31 for the quarter ending September 30, 1973 were assessed December 10, 1973. Assessments for such taxes (including interest and penalties) for the quarters ending December 31, 1973 and March 31, 1974 were made May 29, 1974 in the amount of $3,125.06 and July 10, 1974 in the amount of $704.13, respectively. Federal unemployment taxes (including interest) totalling $113.10 for the quarter ending December 31, 1973 were assessed July 10, 1974. Additional assessments for federal unemployment and personal income taxes were made against Paladin throughout the remainder of 1974 and 1975. The assessments totalled $7,641.46.

The Stage Pigalle Bar was destroyed by a fire January 18, 1974. Paladin executed a partial assignment of the fire insurance proceeds to Traina July 16, 1974 in the amount of $9,066.08. According to Traina's pretrial testimony, the assignment was intended to reimburse him for amounts he had previously expended to pay creditors of the bar. The written document recites the sum of one dollar as consideration for the assignment. Insurance proceeds totalling $16,000 were remitted to Paladin's attorney, Andrew Gaeta, who thereupon disbursed $9,066.08 of the proceeds to Traina.

At the time Paladin assigned said portion of the insurance proceeds to Traina, four separate tax assessments totalling $5,880.60 had been made against her. A payment in the amount of $496 had been made toward the assessments April 4, 1974, leaving an outstanding balance of $5,384.60. Plaintiff filed lien notices with respect to two of the assessments (totalling $4,567.37) with the Erie County Clerk April 29, 1974 and June 12, 1974. Other notices were filed after Paladin executed the assignment. As of April 30, 1981, the amount outstanding on all assessments made against Paladin, including accrued interest and penalties and deducting the $496 credit, was $12,384.33.

█ It is well-established that a tax assessment is presumed to be correct. *Welch v. Helvering,* 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933). Thus, in an action by the government to collect an unpaid tax assessment, the taxpayer has the burden of demonstrating by a preponderance of the evidence that the assessment is incorrect. *United States v. Lease,* 346 F.2d 696, 700 (2d Cir. 1965). In her answers to interrogatories, Paladin has stated that she does not dispute the correctness of the tax assessments made against her. Therefore, plain-

---

1. Plaintiff filed a request for admissions by both defendants April 19, 1979. Neither defendant responded to the request and the matters contained therein are therefore deemed admitted under Fed.R.Civ.P. rule 36.

tiff is entitled to summary judgment against Paladin. *See, United States v. Pierce,* 609 F.2d 407 (9th Cir. 1979) (*per curiam*).

■ Under 26 U.S.C. § 6321, a taxpayer's failure to pay a tax assessment creates "a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Plaintiff claims that Traina's receipt of a portion of the fire insurance proceeds constitutes a conversion of its lien on the proceeds. A conversion of property is any unauthorized exercise of dominion or control over the property by one who is not the owner thereof which interferes with another person's superior possessory rights in the property. *Meese v. Miller,* 79 A.D.2d 237, 436 N.Y.S.2d 496, 500 (4th Dept. 1981); *Bunge Corp. v. Manufacturers Hanover Trust Co.,* 37 A.D.2d 409, 325 N.Y.S.2d 983, 988 (1st Dept. 1971), aff'd 31 N.Y.2d 223, 335 N.Y.S.2d 412, 286 N.E.2d 903 (1972). In order to successfully maintain a cause of action for conversion, the plaintiff must establish that its right to possession of the property was superior to the defendant's and that the defendant exercised unauthorized control over the property to the exclusion of the plaintiff's superior rights. *Gold Metal Products, Inc. v. Interstate Computer Services, Inc.,* 80 A.D.2d 600, 436 N.Y.S.2d 312, 313 (2d Dept. 1981).

■ Plaintiff has established that its claim to the insurance proceeds was superior to Traina's. The lien provided by section 6321 arises at the time the underlying assessment was made. 26 U.S.C. § 6322. Under 26 U.S.C. § 6323(a), the lien is valid against "any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor" provided that appropriate notice of the lien has been filed. Thus, at the time the proceeds were assigned to Traina, they were subject to four separate liens in plaintiff's favor in the total amount of $5,384.60. With respect to two of the liens (totalling $4,567.37), plaintiff's claim to the proceeds is valid against Traina because notice of the liens was filed prior to the assignment.

■ The question whether plaintiff's other two liens (totalling $817.23) are also valid against Traina is somewhat more complex because notice thereof was not filed until after the insurance proceeds were assigned to him. If Traina is deemed a "purchaser" of the proceeds, plaintiff's liens would not be valid against him. A purchaser is defined as a "person who, for adequate and full consideration in money or money's worth, acquires an interest * * * in property which is valid under local law against subsequent purchasers without actual notice." 26 U.S.C. § 6323(h)(6). The requirement of adequate and full consideration is a matter of federal rather than state law and must be strictly applied. *Continental Oil Co. v. United States,* 326 F.Supp. 266, 270–1 (S.D.N.Y.1971). Because the assignment of the insurance proceeds to Traina was supported by consideration in the amount of only one dollar, it was not supported by adequate and full consideration. *Fritz v. United States,* 328 F.Supp. 1343, 1345–6 (D.Minn.1971); *United States v. Galvin,* 199 F.Supp. 4, 6 (E.D.N.Y.1961). Furthermore, past consideration in the form of Traina's alleged payments to Paladin's creditors cannot be deemed adequate and full consideration sufficient to render Traina a purchaser within the meaning of section 6323. *United States v. Pavenick,* 197 F.Supp. 257, 259 (D.N.J.1961). If Paladin was indebted to Traina due to payments made by Traina to her creditors, such indebtedness could not receive priority over plaintiff's claims for taxes unless Traina had provided present adequate and full consideration for an assignment of the insurance proceeds. Thus, I conclude that Traina was not a purchaser of the insurance proceeds within the meaning of section 6323, and that plaintiff's four liens on the proceeds were superior to Traina's rights to the proceeds.

■ The second element of plaintiff's cause of action for conversion is whether Traina interfered with its right to possession of the insurance proceeds. Traina has argued that, because the total amount of plaintiff's liens at the time of the assignment was $5,384.60 and Paladin received almost $7,000 of the proceeds, his receipt of

approximately $9,000 of the proceeds did not interfere with plaintiff's liens. Essentially, Traina argues that even after he received a portion of the proceeds plaintiff could have satisfied its claims out of the proceeds received by Paladin.[2] However, Traina has not cited any cases which support his argument that he has not interfered with or excluded plaintiff's rights to the insurance proceeds. Moreover, Traina's argument is contrary to the plain language of section 6321, which provides that a tax assessment creates a lien in favor of the government "upon *all* property and rights to property" belonging to the taxpayer (emphasis added). *See, e.g., Stevan v. Union Trust Company of District of Columbia,* 316 F.2d 687, 692 (D.C.Cir.1963); *Welsh v. United States,* 220 F.2d 200, 201–2 (D.C.Cir. 1955); *United States v. Barndollar & Crosbie,* 166 F.2d 793, 794 (10th Cir. 1948). Thus, plaintiff's liens attached to the entire amount of the insurance proceeds and not to a particular portion thereof. The fact that Paladin received proceeds sufficient to pay the amount of the liens (or that she possessed any other property in such a sufficient amount) is unavailing to Traina. Accordingly, I find that plaintiff is entitled to summary judgment on its cause of action for conversion against Traina. Traina's liability for conversion amounts to $5,384.60, the outstanding amount of the liens which had arisen at the time of the conversion.

Plaintiff also seeks summary judgment on its fraudulent transfer claim against Traina. Under section 276 of New York's Debtor and Creditor Law, a conveyance made with actual intent to defraud creditors is fraudulent and may be set aside. Because actual intent to defraud is a necessary element of a cause of action under section 276, summary judgment is inappropriate with respect thereto. Plaintiff also asserts a claim for constructive fraud under section 273 of the Debtor and Creditor Law, which provides that a conveyance made by a person who is or who will be thereby

rendered insolvent is fraudulent, without regard to the person's actual intent, if the conveyance is made without fair consideration. Summary judgment under section 273 is inappropriate in the present case because it is unclear whether Paladin was insolvent or became insolvent at the time she assigned the insurance proceeds to Traina. *See,* Debtor and Creditor Law, § 271. Additionally, Traina has testified that the assignment was made to compensate him for debts he had previously paid on Paladin's behalf. Thus, Traina has raised a factual issue concerning whether the assignment was made without fair consideration. *Id.,* § 272.

Based on the foregoing discussion, plaintiff's motion for summary judgment is hereby ORDERED granted with respect to Paladin (Count I) and its cause of action for conversion against Traina (Count II), but is ORDERED denied with respect to its claim based on an alleged fraudulent transfer (Count III).[3]

---

2. Traina's argument in this respect is a legal rather than a factual one. Accordingly, Traina has not raised any factual issue which requires trial of plaintiff's claim for conversion.

3. Judgment shall not be entered by the Clerk at this time. *See,* Fed.R.Civ.P. rule 54(b).