■ ROBERT W. WILLIAMS, Appellant, v PINKS, FELDMAN & BROOKS et al., Respondents.—In an action to recover damages for malicious prosecution, abuse of process and conversion, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roberto, J.), dated July 7, 1986, which (1) granted the defendants' motions for summary judgment, and (2) denied as moot the plaintiff's cross motion to amend the caption of the summons to conform to the complaint.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defendant Homemakers Inc. of Long Island (hereinafter Homemakers) brought a collection action against the plaintiff and his wife for the value of nursing services provided to the plaintiff's mother. Homemakers successfully moved for summary judgment and was awarded a money judgment. On appeal to this court, the judgment was reversed (see, Homemakers, Inc. v Williams, 100 AD2d 505). Homemakers' complaint was subsequently dismissed as to the plaintiff by the trial court, and he commenced the instant action to recover damages for malicious prosecution, abuse of process and conversion.

We conclude that the court properly granted summary judgment to the defendants. To prevail on the cause of action sounding in malicious prosecution, the plaintiff had to establish that the defendants commenced the underlying collection action without probable cause and with malice, which is defined as "conscious falsity" (Munoz v City of New York, 18 NY2d 6, 9; Hornstein v Wolf, 109 AD2d 129, 133, affd 67 NY2d 721). However, the facts presented by the defendants in support of their motions for summary judgment were sufficient to establish that probable cause existed to commence the underlying action. The allegations of the plaintiff were insufficient to create a triable issue with respect to his claim that the underlying action was commenced for an improper motive.

Similarly, the plaintiff failed to present facts in support of his cause of action sounding in abuse of process which would tend to establish the "misuse or perversion of regularly issued legal process for a purpose not justified by the nature of the process" (Board of Educ. v Farmingdale Classroom Teachers Assn., 38 NY2d 397, 400). Although the plaintiff alleged that restraining notices were improperly issued, he failed to adequately rebut the defendants' documentary evidence that the funds posted as security and released by the County Clerk were insufficient to satisfy the judgment in the collection action. The defendants' failure to promptly return the funds to the County Clerk when the judgment was vacated, while found to constitute contempt of court, does not make out the elements of an abuse of process claim.

Finally, the plaintiff's cause of action sounding in conversion was properly dismissed since the evidence established that he did rot have a superior right to possession of the funds which were ordered to be deposited with the County Clerk as security during the pendency of the collection action (see, e.g., Gold Medal Prods. v Interstate Computer Servs., 80 AD2d 600, appeal dismissed 53 NY2d 938). Mangano, J. P., Brown, Rubin and Harwood, JJ., concur.