**UNITED STATES of America**

v.

**Marie CARSON, et al.**

**Civ. A. No. 89–9126.**

United States District Court, E.D. Pennsylvania.

July 17, 1990.

---

Michael J. Salem, Kathryn J. Brown, Trial Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff.

Howard F. Finkelman, Philadelphia, Pa., for Marie Carson & Raeann Carson Rappucci.

Joseph R. Young, Media, Pa., for Suburban Federal Sav. Bank.

## MEMORANDUM

KATZ, District Judge.

The United States seeks to reduce federal personal income tax assessments for the years 1983, 1984, and 1985 to judgment and to foreclose federal tax liens on property which the defendant taxpayer, Marie Carson, deeded to her daughter, defendant Raeann Carson Rapucci. For the reasons which follow the United States' motion for partial summary judgment is granted.

### I. *Taxes Owed*

Mrs. Carson admits that she owes taxes for the years in question but disputes the amount due. Complaint and Answer, para. 12. The United States has provided a certi-

fied copy of the Certificate of Assessments and Payments, covering the tax years 1983, 1984, and 1985 and based on the self-assessed tax returns of Mrs. Carson and her husband, Raymond Carson, who is now deceased. Exhibit C to plaintiff's motion. A tax liability of $9,315.53, plus interest and penalties, is shown on the Certificate.

■ The Certificate of Assessments and Payments establishes a presumption that the assessments are valid, and shifts the burdens of production and persuasion to the defendant taxpayer to show that the assessments are incorrect. *Psaty v. United States*, 442 F.2d 1154, 1158–60 (3d Cir. 1971).

■ Mrs. Carson relies on a Tax Collection Waiver, which pertains only to the tax year 1983 and reflects an outstanding amount due of $2,503.15, in disputing the amount of tax owed. Answer para. 12 and Exhibit A to plaintiff's motion. This reliance is misplaced. The waiver's purpose is to extend the limitations period in which suit may be brought to recover the tax assessed. *See* 26 U.S.C. § 6502(a) (Supp. 1990). In this case the waiver provided the government an extension until December 31, 1991; by statute the government already had six years from the date of the assessment to bring suit. 26 U.S.C. § 6502(a)(1) (Supp.1990). Assessments for the tax years 1983, 1984, and 1985 were made, respectively, on May 28, 1984, September 23, 1985, and September 4, 1989. Suit was brought on all three assessments in December 1989, within the six-year statutory time limit rather than within the extension period. Moreover, the amount reflected in the waiver, $2,503.15,[1] is the same as that reflected in the Certificate of Assessments and Payments for the tax year 1983. As evidence of how much Mrs. Carson owes, the Tax Collection Waiver actually supports the accuracy of the government's assessment for 1983.

■ Nor can Mrs. Carson rely on the document entitled "Offer in Compromise," which allegedly indicates the correct amount of tax owed, to rebut the presumption that the Certificate of Assessments correctly establishes the amount due. The so-called Offer in Compromise has apparently not been executed by any party; the taxpayer's inability to show that the document is a binding agreement prevents her from meeting her burden. Thus Mrs. Carson, individually and as executrix of her husband's estate, owes the United States $9,315.53 as reflected in the Certificate of Assessments and Payments, plus statutory interest and costs accruing from the dates of the assessments to the date of entry of judgment. *See* 26 U.S.C. § 6601 (Supp. 1990) (interest), § 7430 (1989) (costs).

II. *Federal Tax Liens and Foreclosure*

■ Federal tax liens arose on the dates the assessments were made—that is, May 28, 1984 for the 1983 tax year, September 23, 1985 for the 1984 tax year, and September 4, 1989 for the 1985 tax year. 26 U.S.C. § 6322 (1989). These liens attached to property acquired by the taxpayer during the life of the lien. *Glass City Bank v. United States*, 326 U.S. 265, 268, 66 S.Ct. 108, 110, 90 L.Ed. 56 (1946).

On December 30, 1986, Raeann Rappucci conveyed three properties to Marie and Raymond Carson. Mrs. Carson admits this. Complaint and Answer paras. 22, 31, 36. At the moment of conveyance the federal tax liens for tax years 1983 and 1984 attached to these three parcels of real property. The deeds were recorded on February 11, 1987.

■ Mrs. Carson deeded these parcels back to her daughter for the consideration of $1.00 apiece on March 10, 1987. Complaint and Answer paras. 26, 33, 38. These deeds were recorded nine months later on December 9, 1987. *Id.* paras. 27, 34, 39. The federal tax liens remained attached to the three properties despite the transfer of ownership. *United States v. Bess*, 357 U.S. 51, 59 (1958).

■ For the United States to prevail over a purchaser, holder of a security inter-

---

**1.** This is the amount which represents Mrs. Carson's 1983 tax liability plus statutory penalties and interest accruing until September 25, 1989, the date the Certificate was prepared.

est, mechanic's lienor, or judgment lien creditor, a notice of the federal tax lien must be on file. 26 U.S.C. § 6323(a) (1989). Notices of the tax liens were filed on June 21, 1989 for the 1983 and 1984 tax assessments, and on September 18, 1989 for the 1985 assessment. Defendant Suburban Federal Savings Bank holds a mortgage on one of the properties[2] dated May 1986; this security interest has higher priority[3] than the tax liens of the United States, which were recorded three years later.

The United States does prevail over the interest of Raeann Rappucci in the parcels, however, since she does not qualify as a purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor. Defendants dispute the non-applicability of only the first category, "purchaser." A purchaser is defined by Section 6323(h)(6) as "a person who, for adequate and full consideration in money or money's worth, acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice."

Raeann Rappucci does not qualify as a purchaser under the Internal Revenue Code for two reasons. The $1.00 which she gave as consideration in repurchasing each of the three properties from her parents was not "adequate and full consideration." *See United States v. Galvin,* 199 F.Supp. 4, 6 (E.D.N.Y.1961); *United States v. Scovil,* 348 U.S. 218, 220–221, 75 S.Ct. 244, 246–47, 99 L.Ed. 271 (1955); *United States v. Paladin,* 539 F.Supp. 100, 103 (W.D.N.Y. 1982).

Nor does Raeann Rappucci have an interest "which is valid under local law against subsequent purchasers without actual notice." Under Pennsylvania law a deed must be recorded within 90 days of execution, or it is void and fraudulent as against any creditor of the grantor. 21 Pa.Stat. §§ 351, 444 (1955). The United States is a creditor of Mrs. Carson by virtue of the tax assessments and liens. Raeann's interest in the properties was not valid under Pennsylvania law as against creditors of the grantors Mr. and Mrs. Carson, because the deeds conveying the grantors' interest to Raeann were not recorded within 90 days of their execution. *See Raimo v. United States,* 88–1 U.S.T.C. para. 9170, 1987 WL 28361 (E.D.Pa.1987).

Since the conveyance of the properties from Mrs. Carson to Raeann is void as against the federal tax liens, the United States may foreclose on Mrs. Carson's interest in these properties pursuant to 26 U.S.C. § 7403 (1989). An appropriate order follows.

## JUDGMENT

AND NOW, this 17th day of July, 1990, it is hereby ORDERED that JUDGMENT is entered in favor of the plaintiff, the United States of America, and against the defendants, Marie Carson, and Raeann Carson Rappucci, in the amount of $9,315.53 plus statutory interest and costs accruing according to law from the date of the assessments to the date of entry of judgment, and in favor of Suburban Federal Savings Bank f/k/a Collingdale Federal Savings and Loan Association and against the United States of America, First Pennsylvania Bank having been dismissed as a party.

---

2. This is the parcel of real property known as 231 MacDade Boulevard, Collingdale, Pennsylvania.

3. The plaintiff concedes this.