■ JAMES H. RAMBO, INC., Respondent-Appellant, v FRANCES GENOVESE, Appellant-Respondent, et al., Defendant. [671 NYS2d 1005] —In an action, *inter alia*, to recover damages for malicious prosecution, the defendant Frances Genovese appeals, as limited by her brief, from so much of (1) an order of the

Supreme Court, Suffolk County (Cannavo, J.), dated November 13, 1996, as granted the plaintiff's cross motion to dismiss her counterclaims, and (2) a judgment of the same court, dated January 2, 1997, as dismissed her counterclaims, and the plaintiff cross-appeals from so much of (1) the same order as granted the motion of the defendant Frances Genovese for summary judgment dismissing the complaint insofar as asserted against her, and (2) the same judgment as dismissed the complaint insofar as asserted against the defendant Frances Genovese.

Ordered that the appeal and cross appeal from the order are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The appeal and cross appeal from the order must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal and cross appeal from the order are brought up for review and have been considered on the appeal and cross appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The Supreme Court correctly dismissed the plaintiff's malicious prosecution cause of action insofar as asserted against the defendant Frances Genovese. Genovese demonstrated, and the plaintiff failed to refute, that the criminal proceeding commenced against the plaintiff which terminated in favor of the plaintiff was supported by probable cause (*see, James H. Rambo, Inc. v Genovese*, 250 AD2d 735 [decided herewith]; *Colon v City of New York*, 60 NY2d 78; *Burns v Wilkinson*, 228 NY 113; *Pandolfo v U.A. Cable Sys.*, 171 AD2d 1013; *Oceanside Enter. v Capobianco*, 146 AD2d 685; *Williams v Pinks, Feldman & Brooks*, 141 AD2d 723; CPLR 3212). Furthermore, the court properly dismissed Genovese's counterclaims under Civil Rights Law §§ 70-a and 76-a since the plaintiff was neither a "public applicant" nor "public permittee" (Civil Rights Law § 76-a [1] [b]; *see,* CPLR 3212 [h]). Bracken, J. P., O'Brien, Copertino and Altman, JJ., concur.